IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| A.M.Y. PROPERTY & CASUALTY INSURANCE CORPORATION and RSL-3B-IL, LIMITED PARTNERSHIP,<br>　　*Plaintiffs*,<br><br>v.<br><br>INSURANCE COMPANY OF NORTH AMERICA, SYMETRA LIFE INSURANCE COMPANY, and SYMETRA ASSIGNED BENEFITS SERVICE COMPANY,<br>　　*Defendants*. | § § § § § § § § § § § § § § § § | C.A. No. 4:17-cv-00956<br>Jury Demand |

### REPLY IN SUPPORT OF A.M.Y.'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER

Defendants' Response to A.M.Y.'s Objections to Magistrate Judge Johnson's Order [ECF No. 71, "Symetra's Response"] is wrong on every point. Therefore, A.M.Y. respectfully asks the Court to sustain A.M.Y.'s objections to Magistrate Judge Johnson's Order and strike or dismiss Symetra's alter-ego and fraudulent-transfer defenses.

### I.　　ARGUMENT

**A.　A motion to strike affirmative defenses under 12(f) should be reviewed de novo pursuant to Fed. R. Civ. P. 72(b).**

This Court should review Magistrate Johnson's Order denying A.M.Y.'s motion to strike de novo. Like a motion to dismiss under Rule 12(b)(6), when a Rule 12(f) motion challenges the sufficiency of an affirmative defense the standards are "mirror image[s]." *Zytax, Inc. v. Green Plains Renewable Energy, Inc.*, Civil Action No. H-09-2582, 2010 WL 2219179, at *5 (S.D. Tex. May 28, 2010) ("A Rule 12(f) motion serves to 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'") (quotations omitted). This is illustrated by examples of Magistrate Judges applying Rule 72(b)

1

when ruling on Rule 12(f) motions. *See BCOWW Holdings, LLC v. Collins*, No. SA-17-CA-00379, 2017 WL 4082686, at *5 (W.D. Tex. Sept. 15, 2017) (issuing Rule 72(b) report and recommendation on Plaintiffs' Rule 12(f) motion to strike Defendants' affirmative defenses). [1]

**B. Res judicata and collateral estoppel bar Symetra's alter-ego and fraudulent-transfer defenses in this case.**

As Symetra admitted in its Motion to Stay Pending Appeal of Related Case [ECF No. 58], there is "broad overlap" between Symetra's defenses in the Reihs Case and in this Koehler Case. ECF No. 58 at 1. Moreover, Symetra asserts the same collection rights against the same structured-settlement payments in both cases. *Id.* at 1-2, 5-7. Despite such admissions, Symetra now reverses course to avoid the inevitable finding that its affirmative defenses are barred by res judicata.

In the Reihs Case, Symetra pleaded that A.M.Y. is the alter ego of 3B and that A.M.Y.'s 2003 security interest in 3B's assets was a fraudulent transfer under TUFTA. The final judgment entered on the jury verdict in the Reihs Case provides that: (1) A.M.Y. is <u>not</u> the alter ego of 3B; (2) A.M.Y.'s 2003 security interest in 3B's assets is <u>not</u> a fraudulent transfer; and (3) A.M.Y. has a prior, perfected security interest in 3B's assets. ECF No. 67-2.

Recently, based on the final judgment in the Reihs Case, Judge Gilmore held that res judicata barred Symetra from asserting affirmative defenses in a related case[2] that are similar to those asserted here. There, Judge Gilmore granted summary judgment to A.M.Y. (and other related parties), finding that "claim preclusion bars Symetra's defenses of fraudulent transfer and alter ego" based on the final judgment in the Reihs Case. Ex. 11, ECF No. 118 (Summary Judgment Ruling in the Transamerica Case) at 22. The Court should do the same in this Kohler Case.

---

[1]  As previously noted, the Court has discretion to consider the arguments contained in A.M.Y.'s Motion to Strike and A.M.Y.'s Objections after the 21-day deadline or *sua sponte*. ECF No. 67 at 7-8. Further, the Magistrate Judge did not issue a Report and Recommendation as contemplated by Fed. R. Civ. P. 72(b) in ruling on A.M.Y.'s Partial Motion to Strike.

[2]  Case Number 4:16-cv-01426, *Transamerica Annuity Serv. Co. v. Symetra Life Sin. Co. et al*, in the United States District Court for the Southern District of Texas (the "Transamerica Case").

In the Transamerica Case, Symetra raised affirmative defenses similar to those it raises here to attempt to void A.M.Y.'s perfected security interests in other entities (including 3B), including an affirmative defense that A.M.Y. and several other entities (including 3B) were alter egos of each other. *See* Ex. 11 at 21. Yet, though Symetra claimed that it had not fully litigated the issue of whether Liquidating Marketing, Ltd. formerly known as Rapid Marketing, Ltd. ("Rapid," which is not a party to this litigation) was an alter ego of A.M.Y., the Court held that claim preclusion nonetheless barred Symetra from relitigating its alter ego and fraudulent transfer defenses relating to Rapid because Symetra "had the opportunity to fully and fairly litigate this issue in federal court." Ex. 11 at 25.

Res judicata is **more** applicable to the affirmative defenses in this Kohler Case because unlike the Transamerica Case, Symetra *did in fact* litigate and *lost* on the identical affirmative defenses in the Reihs Case that it pleaded in this Kohler case. Therefore, res judicata and collateral estoppel bar Symetra from relitigating these same defenses and issues yet again.

Curiously, rather than explain why the identically pleaded alter-ego and fraudulent-transfer defenses in the Reihs Case and this Koehler Case are not barred by res judicata, Symetra's Response argues that: (1) the *parties* are not identical; (2) evidence of RSL 2012-1 was excluded at the trial in the Reihs Case; and (3) the structured-settlement payments at issue in these two cases are different. *See* ECF No. 71 at 19-22. Just as in the Transamerica Case and as stated in A.M.Y.'s Objections, each of these arguments fails. *See* Ex. 11 at 21-25; ECF No. 67 at 11-13.

First, the parties are the same—each party in this case was a party in the Reihs Case.

Second, facts regarding RSL 2012-1 are irrelevant to whether the alter-ego and fraudulent-transfer "claims" and "issues" are the same between the Reihs Case and this Koehler Case for the reasons stated in A.M.Y.'s Objections. *See* ECF No. 67 ("A.M.Y.'s Objections") at 15-16. Indeed,

the lack of evidence regarding RSL 2012-1 did not prevent the Court in the Transamerica Case from applying res judicata to bar Symetra's affirmative defenses. Ex. 11 at 21-25.

Third, the structured-settlement payments at issue in both cases are the same, because Symetra's counter-claims in the Reihs Case covered the payments at issue in this Kohler Case. *See* ECF No. 67 at 16. Moreover, as the Transamerica Court held, res judicata applies to claims that could have been, but were not, submitted to the jury. Ex. 11 at 24; *see Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 562-63 (5th Cir. 1983). By failing to submit a jury question specifically related to the structured-settlement payments at issue in this Kohler Case when they were a part of Symetra's counterclaim in the Reihs Case, Symetra forever waived its claims to these payment rights. *See* ECF No. 67 at 16.

Therefore, res judicata and collateral estoppel support striking Symetra's alter-ego and fraudulent-transfer affirmative defenses.

**C. Symetra has not properly pleaded its alter-ego and fraudulent-transfer defenses.**

Even if not barred by res judicata, Symetra failed to properly plead its alter-ego and fraudulent-transfer defenses for two reasons. First, throughout two rounds of briefing on this issue, Symetra has not disputed that Rule 9(b)'s heightened pleading standard governs Symetra's fraud-based alter-ego defense or argued that this defense satisfies Rule 9(b). *See* ECF No. 55; ECF No. 71. Thus, Symetra's alter-ego defense must be struck for failure to comply with Rule 9(b). Similarly, Symetra's TUFTA defense asserts that A.M.Y.'s 2003 "security interest[]" in 3B's assets is "meant to defraud" Symetra. ECF No. 55 at 12-14; ECF No. 45 at ¶ 47. Yet, Symetra does not plead this fraud-based defense with particularity, and the Court should strike Symetra's TUFTA defense for failure to comply with Rule 9(b).

Second, even if Symetra's TUFTA defense is construed as a constructive-fraud defense, this defense fails under Rule 9(b). Because Symetra pleaded actual fraud in support, Rule 9(b)

4

applies to Symetra's constructive-fraud affirmative defense. *See Taylor v. Cmty. Bankers Sec., LLC,* No. H-12-02088, 2013 WL 3166336, at *7 (S.D. Tex. June 20, 2013) (Miller, J.) (Rule 8(a)(2) applies only if claimant does not allege fraudulent intent or actions); ECF No. 45 at ¶ 47.

Finally, even if Rule 9(b) does not apply, this Court has ruled that the Rule 8(a)(2) standard requires a constructive-fraud TUFTA claimant to plead facts to support a finding of: (1) insolvency or undercapitalization; and (2) no reasonably equivalent value for the transfer. *Taylor*, 2013 WL 3166336, at *8. Symetra did not plead—because it cannot—any factors to support a lack of reasonably equivalent value. *See* ECF No. 45, ¶ 47.

Therefore, the Court should strike or dismiss Symetra's alter-ego and fraudulent-transfer defenses under Rule 9(b) or under Rule 8(a)(2).

### D. Only Symetra's lawyers committed misconduct in these cases.

Symetra attacks Stewart Feldman, a non-party to this case and member of the Texas Bar, for alleged unethical conduct. ECF No. 71 at 9-10. These misleading and unprofessional attacks are irrelevant to the issues in this case and would be inadmissible at trial. *See* Fed. R. Evid. 404(b)(1). Symetra uses this tactic because it has no support for its frivolous fraud and U.C.C. defenses.[3]

## II. CONCLUSION

For these reasons, A.M.Y. respectfully asks the Court to sustain A.M.Y.'s objections to Magistrate Judge Johnson's Order [ECF No. 63] and to strike Symetra's alter-ego and fraudulent-transfer defenses from Symetra's Amended Answer [ECF No. 45] under Rule 12(f) or, in the alternative, dismiss these two affirmative defenses without leave to replead.

---

[3] Indeed, Symetra's attorneys in this case—Greg Carboy, Chris Littell, and in-house lawyer Michaelanne Ehrenberg—committed unethical conduct in the Reihs Case. After the charge conference in the Reihs Case, these lawyers doctored the jury charge to include language favorable to Symetra **after** Judge Hittner ruled against Symetra's untenable proposed U.C.C. instructions. *See* Ex. 12, Reihs Case Tr., at 3:5-20:13. This misconduct required the Court to recall the jury to remove Symetra's alterations from the charge **after** jury deliberations began. *Id.*

Respectfully submitted,

**AHMAD, ZAVITSANOS, ANAIPAKOS,
ALAVI & MENSING P.C.**

*/s/ Cameron Byrd*
John Zavitsanos
State Bar No. 22251650
Federal I.D. 9122
Monica Uddin
State Bar No. 24075195
Fed. I.D. 1138459
Cameron Byrd
State Bar No. 24097444
Fed. I.D. 2790917
1221 McKinney Street, Suite 2500
Houston, Texas 77010
Tel: (713) 655-1101
Fax: (713) 655-0062
jzavitsanos@azalaw.com
muddin@azalaw.com
cbyrd@azalaw.com

E. John Gorman
State Bar No. 08217560
Fed. ID No. 5566
Joseph F. Greenberg
State Bar No. 24059856
Fed. I.D. 1048592
**THE FELDMAN LAW FIRM LLP**
Two Post Oak Central
1980 Post Oak Blvd., Suite 1900
Houston, Texas 77056-3877
Telephone: 713.850.0700
Facsimile: 713.850.8530
jgorman@feldlaw.com
jgreenberg@feldlaw.com

**COUNSEL FOR A.M.Y. PROPERTY &
CASUALTY INSURANCE CORPORATION
AND RSL-3B-IL, LIMITED PARTNERSHIP**

## CERTIFICATE OF SERVICE

I certify that on October 8, 2018, a true and correct copy of the above and foregoing has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure.

Gregory W. Carboy
COWLES & THOMPSON, P.C.
901 Main Street, Suite 3900
Dallas, Texas 75202

Stephen R. Harris
COZEN O'CONNOR
1650 Market Street, Suite 2800
Philadelphia, PA 19103

Julia M. Gandara
COZEN O'CONNOR
1221 McKinney, Suite 2900
Houston, Texas 77010

            */s/ Cameron Byrd*
            Cameron Byrd